**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE SANCHEZ DE BASURTO, an Individual,<br><br>Plaintiff,<br>vs.<br><br>HOME DEPOT U.S.A., INC., JONATHAN A. VERDUGO, an Individual; and DOES 1 to 25, Inclusive,<br><br>Defendants. | Case No. 2:25-cv-02196-SPG-JDE<br><br>**PLAINTIFF's SECOND AMENDED COMPLAINT FOR NEGLIGENCE, FAILURE TO WARN, AND DANGEROUS CONDITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, NICOLE SANCHEZ DE BASURTO ("Plaintiff"), brings this action against Defendants, and each of them, as follows:

**JURISDICTION AND VENUE**

1. This action was initially commenced by Plaintiff in the Superior Court of the State of California.

2. This action was then removed by Defendant HOME DEPOT U.S.A., INC. ("Home Depot") based on diversity and fraudulent joinder.

3. In response to Home Depot's Motion, Plaintiff has filed her Notice of Motion to Remand, Plaintiff's Memorandum of Point and Authorities in Support Thereof and the accompanying supporting documents, concurrently with this Second Amended Complaint.

4. Accordingly, Plaintiff does not contend that the District Court is the proper forum for

this matter for the reasons set forth in Plaintiff's Memorandum of Points and Authorities in support of Plaintiff's Motion to Remand but has filed her Second Amended Complaint in the District Court as it has already been removed per Defendant's Motion.

**THE PARTIES**

5. Plaintiff is domiciled in and accordingly a resident of the State of California.

6. Upon Plaintiff's information and belief, HOME DEPOT is a corporation headquartered in the State of Delaware.

7. In Plaintiff's initial Complaint, Plaintiff was not fully informed of the name of the Store Manager Defendant, and thus named individual JONATHAN DOE, STORE MANAGER until Defendant's true name could be ascertained.

8. Since the time of the filing of Plaintiff's initial Complaint, Plaintiff has learned the name of the previously unnamed Defendant and has thus named him Defendant JONATHAN A. VERDUGO ("Verdugo").

9. Upon Plaintiff's information and belief, Verdugo is domiciled in and accordingly a resident of the State of California.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

10. On April 20, 2023, Plaintiff visited a Home Depot store in Lancaster, California in order to purchase concrete pavers.

11. On said date, Plaintiff attempted several times to get assistance loading the concrete pavers from store employees to no avail.

12. When Plaintiff attempted to load the concrete pavers herself, several came falling down on top of her, and Plaintiff sustained multiple injuries as well as pain and suffering.

13. On information and belief, Plaintiff alleges that Home Depot negligently owned and

operated the subject premises and failed to warn of a dangerous condition.

14. On information and belief, Plaintiff alleges that Verdugo negligently managed, maintained, and safeguarded the subject premises and failed to warn of a dangerous condition.

15. Based on the foregoing, Plaintiff seeks relief from both Defendants based on negligence, willful failure to warn, and a dangerous condition on the property.

**COUNT 1**

NEGLIGENCE

16. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraphs, inclusive, as if fully set forth herein.

17. On information and belief, Plaintiff alleges that Home Depot owed her a duty as the store owners to maintain a safe environment for visitors such as Plaintiff and breached this duty when they failed to keep a safe environment free from dangerous conditions.

18. Plaintiff alleges that Home Depot failed to properly secure the concrete pavers causing said concrete pavers to collapse onto Plaintiff when she reached for one, which led to significant damages, injuries, pain, and suffering.

19. On information and belief, Plaintiff alleges that Verdugo, the store manager, also owed her a duty to keep the store safe from dangerous conditions and breached said duty when he failed to warn Plaintiff of the dangerous condition.

20. Before attempting to reach for the pavers herself, Plaintiff attempted several times to receive assistance from both Verdugo and other employees of the store.

21. Plaintiff additionally alleges that Verdugo breached his duty to Plaintiff when he and the other employees of the store failed to assist her.

**COUNT 2**

WILLFUL FAILURE TO WARN

22. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraphs, inclusive, as if fully set forth herein.

23. On information and belief, Plaintiff alleges that the concrete pavers sold by Home Depot had potential risks that were known or knowable and posed an unreasonable risk of harm to patrons if not properly secured.

24. Plaintiff alleges that the lack of sufficient instructions or warnings was a substantial factor in causing the harm Plaintiff suffered when she attempted to reach for the concrete pavers, causing them to collapse on Plaintiff's body.

25. Plaintiff alleges that Home Depot knew or, through the exercise of reasonable care, should have known about the danger the concrete pavers posed and failed to protect Plaintiff against the harm posed and failed to give adequate warning of the dangerous condition.

26. On information and belief, Plaintiff alleges that Verdugo, as store manager, was negligent in the maintenance of this dangerous condition and failed to warn Plaintiff of the dangerous condition.

27. Plaintiff further alleges that Verdugo, as store manager with a duty to safeguard the premises, knew or reasonably should have known about the danger posed by the concrete pavers if not properly secured, and breached this duty when he failed to warn Plaintiff of this potential harm, causing damages.

**COUNT 3**

DANGEROUS CONDITION ON THE PROPERTY

28. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the

immediately preceding paragraphs, inclusive, as if fully set forth herein.

29. On information and belief, Plaintiff alleges that a dangerous condition – the concrete pavers – existed on the subject premises that created an unreasonable risk of harm and a reasonably foreseeable risk of injury of the kind suffered by Plaintiff.

30. On information and belief, Plaintiff alleges that Home Depot, as owner and controller of the property, had a duty to maintain a safe environment free of unreasonable dangers, such as that posed by the concrete pavers if not properly secured and breached this duty by failing to protect Plaintiff against harm from the dangerous condition, causing Plaintiff to suffer injuries, pain, and suffering.

31. On information and belief, Plaintiff alleges that Verdugo knew, or through the exercise of reasonable care, should have known about the dangerous condition on the property.

32. On information and belief, Plaintiff alleges that Verdugo failed to warn and protect Plaintiff against harm from the dangerous condition by failing to assist her when she tried several times to get assistance from Verdugo and other store employees before attempting to load the pavers herself.

Wherefore, Plaintiff prays for judgement as hereafter set forth.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all claims and issues in her Second Amended Complaint to which they are or may be entitled to a jury trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgement as follows:

1. For damages, including Plaintiff's pain and suffering, medical care, according to proof.
2. For an award of attorneys' fees and costs;

3. For such other and further relief as the Court may deem just and proper.

Dated this 18th day of April, 2025.

BY: ______________________

DARLENE TREVINO (SBN: 315684)
Trevino Law Firm, Inc.
943 E. Palmdale Blvd.
Palmdale, CA 93550
Tel. (661) 526-5012
Fax. (661) 526-014
lit@trevino.law

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 943 E. Palmdale Blvd., Palmdale, CA 93550.

On April 18, 2025, I caused the foregoing documents described as: **PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interest parties in this action by **dispatching** a true and correct copy thereof via electronic mail (e-mail) addressed as follows:

No electronic message or other notice that the transmission electronically sent was unsuccessfully dispatched, was received within a reasonable period after the transmission.

| | |
|---|---|
| Dennis Chau, Esq.<br>Peter Dye, Esq.<br>KOELLER, NEBEKER, CARLSON, AND HALUCK LLP<br>1478 Stone Point Dr., Ste. 435<br>Roseville, CA 95661<br>Peter.dye@knchlaw.com<br>Dennis.chau@knchlaw.com<br>Michelle.cantrell@knchlaw.com | ***Attorneys for Defendants,***<br>**Home Depot U.S.A., Inc.** |

I declare under penalty of perjury under the laws of the State of California that

the above is true and correct.

Executed on 04/18/2025 at Palmdale, California.

Darlene Trevino, Esq.
*Attorney for Plaintiff*