JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SANCHEZ DE BASURTO,<br><br>    Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A. INC.;<br>JONATHAN A. VERDUGO; and DOES 1-25,<br><br>    Defendants. | Case No. 2:25-cv-02196-SPG-JDE<br><br>**ORDER GRANTING MOTION TO REMAND AND AMENDED MOTION TO REMAND [ECF NOS. 25, 27]** |

Before the Court is the Motion to Remand (ECF No. 25) and Amended Motion to Remand (ECF No. 27 ("Motion"))[1] filed by Plaintiff Nicole Sanchez de Basurto ("Plaintiff"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court deems this matter suitable for disposition without a hearing. C.D. Cal. L.R. 7-15; Fed. R. Civ. P. 78(b). The Court GRANTS the Motion.

---

[1] Plaintiff filed a Notice of Errata indicating that the document filed at ECF No. 25 as the Motion to Remand was an inadvertently filed draft, and the Amended Motion to Remand at ECF No. 27 cures the error. *See* (ECF No. 26). The Court thus cites to and analyzes the Amended Motion to Remand at ECF No. 27 in its Order.

## I. BACKGROUND

### A. Factual Background

All facts are stated as alleged in the First Amended Complaint (ECF No. 13 ("FAC")). On April 20, 2023, Plaintiff visited the premises of a Home Depot store located in Lancaster, California, to purchase concrete pavers. (*Id.* ¶ 10). Plaintiff "attempted several times to get assistance loading the concrete pavers from store employees to no avail." (*Id.* ¶ 11). While attempting to load the pavers herself, several pavers fell on Plaintiff, causing her injuries, pain, and suffering. (*Id.* ¶ 12). Defendant Home Depot U.S.A., Inc. ("Defendant Home Depot") owns the Lancaster, California, Home Depot store where Plaintiff sustained her injuries. (*Id.* ¶ 13). Plaintiff alleges that Defendant Jonathan A. Verdugo ("Defendant Verdugo") was the store manager for the Lancaster, California Home Depot store. (*Id.* ¶¶ 7, 8). Plaintiff brings three causes of action against Defendants Home Depot and Verdugo (together, "Defendants") for her injuries: (1) negligence, for allegedly negligently operating the Home Depot store (*id.* ¶¶ 16–21); (2) premises liability, for allegedly failing to maintain safe conditions of the Home Depot store (*id.* ¶¶ 22–29); and (3) failure to warn of dangerous conditions, for failing to warn Plaintiff of the concrete pavers (*id.* ¶¶ 30–37).

Defendant Home Depot is incorporated in Delaware with its principal place of business in Georgia. (ECF No. 1 ("NOR") ¶ 6). Plaintiff alleges that both she and Defendant Verdugo are residents of California. (FAC ¶¶ 5, 9).

On January 23, 2025, Plaintiff initiated this action in the Los Angeles County Superior Court, naming as defendants Defendant Home Depot and a "John Doe, Store Manager." (NOR ¶ 1). On March 10, 2025, within thirty days of its receipt of the initial pleadings, Defendant Home Depot removed this action to federal court, asserting diversity jurisdiction as the basis for removal. (NOR ¶¶ 2, 4). On March 25, 2025, Defendant Home Depot filed a Motion to Dismiss the Complaint for failure to state a claim. (ECF No. 10). Instead of responding to the Motion to Dismiss, on April 2, 2025, Plaintiff filed a First Amended Complaint. (FAC). In the FAC, Plaintiff named Defendant Verdugo as the

"John Doe, Store Manager." (*Id.* ¶¶ 7, 8). This Motion followed on April 18, 2025. (Motion at 2). On April 25, 2025, Defendant Home Depot opposed the Motion. (ECF No. 29 ("Opp.")). On May 14, 2025, Plaintiff filed a Reply.[2] (ECF No. 31 ("Reply")).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). Diversity jurisdiction requires that each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides at the person's "permanent home" with the intent to remain or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires

---

[2] The Motion was initially filed with an untimely motion date of May 14, 2025, a date sooner than 28 days after the date of filing. *See* (Motion at 1). On April 29, 2025, the Court issued a Scheduling Notice and Order setting the Motion for a motion date more than 28 days after the date of filing. In that Order, the Court stated that Plaintiff's deadline to file a Reply, if any, was not changed by the new motion date. *See* (ECF No. 30). Accordingly, Plaintiff's deadline to file a Reply remained April 30, 2025. Plaintiff instead filed her Reply 14 days late, on May 14, 2025. *See* (Reply). The Court therefore declines to consider Plaintiff's Reply in ruling on the Motion. C.D. Cal. L.R. 7-12.

resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff asserts this Court should remand because Defendant Verdugo and Plaintiff are citizens of the same state, and therefore the Court lacks subject matter jurisdiction because there is not complete diversity of citizenship between the parties. (Motion at 5). Defendant Home Depot does not dispute that Defendant Verdugo is a California resident. *See generally* (Opp.; NOR). It instead asserts that the Defendant Verdugo was fraudulently joined "as a preemptive measure to destroy diversity." (Opp. at 2).

There are two types of fraudulent joinder. First, there can be "actual fraud in the pleading of jurisdictional facts." *Grancare*, 889 F.3d at 548 (citations omitted). Second, there can be fraudulent joinder "if the plaintiff fails to state a cause of action against resident defendant, and the failure is obvious according to the rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). But "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Consequently, the removing party carries a heavy burden to prove fraudulent joinder. The removing party must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. 2013). Merely a "glimmer of hope" that plaintiff can sustain a claim is enough to prevent application of the fraudulent joinder doctrine. *Id.* "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." *Marin v. FCA US LLC*, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021). This burden evinces the "general presumption against fraudulent

joinder." *Hamilton Materials*, 494 F.3d at 1206. If the removing party can show, however, that that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then the Court may find the resident defendant was fraudulently joined. *Id.* (quotation omitted).

Here, Defendant Home Depot contends that Defendant Verdugo is fraudulently joined because Plaintiff does not allege any "actions by [Defendant] Verdugo outside the scope of his employment" and, therefore, "under the doctrine of respondeat superior" and California Labor Code section 2802(a), Defendant Home Depot, not Defendant Verdugo, "will be ultimately responsible for any damages." (Opp. at 7).

California Labor Code section 2802(a) "codifies" California's "strong public policy" favoring "the indemnification (and defense) of employees by their employers for claims and liabilities resulting from the employees' acts within the course and scope of their employment." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 952 (2008). "In determining whether for the purposes of indemnification an employee's acts were performed within the course and scope of employment," California courts "look[ ] to the doctrine of respondeat superior." *Jacobus v. Krambo Corp.*, 78 Cal. App. 4th 1096, 1101 (2000). As Defendant Home Depot acknowledges, California Labor Code section 2802(a) is not therefore "a doctrine of immunity" for an employee defendant who was acting within the scope of his employment. *See* (Opp. at 6); *Davis v. Wal-Mart Stores, Inc.*, 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017). Instead, under "[l]ong-settled California law," *Gallegos v. Costco Wholesale Corp.*, 2020 WL 2945514, at *3 n.3 (C.D. Cal. Jun. 2, 2020), "if a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not, of course, exonerate the agent from liability," *Perkins v. Blauth*, 163 Cal. 782, 787 (1912). Even assuming Defendant Home Depot is correct that Plaintiff's allegations do not establish Defendant Verdugo acted outside the scope of his employment, Defendant Verdugo may still be liable for his own acts, "regardless of whether the principal [Defendant Home Depot] is also liable." *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000).

   Nevertheless, Defendant Home Depot urges the Court to consider what it deems Plaintiff's lack of "true intent" to obtain a judgment against Defendant Verdugo. (Opp. at 6 (*citing Rojas v. Sea World Parks & Ent'mt, Inc.*, 538 F. Supp. 3d 1008, 1028 (S.D. Cal. May 10, 2021)).[3] Plaintiff's subjective intentions, whatever they are, do not factor into the fraudulent joinder analysis. *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) ("Fraudulent joinder is a term of art and does not implicate a plaintiff's subject intent"). Similarly, Defendant Home Depot asks the Court to consider the "practical reality" that Defendant Home Depot, as a "deep-pocket[ed] employer . . . will be ultimately responsible for any damages" under California Labor Code section 2802. (Opp. at 6). This likelihood, however, has no bearing on whether there is a "possibility" that Plaintiff could maintain a cause of action against Defendant Verdugo. *Hunter*, 582 F.3d at 1046; *see Gustafson v. Home Depot U.S.A., Inc.*, 2023 WL 4187578, at *2 (E.D. Cal. June 26, 2023) ("[Defendant] has shown only that if Plaintiff is successful, his recovery will likely come from the deeper pockets.").

Although not replete with detail, Plaintiff's FAC is sufficient to support that she could maintain claims against Defendant Verdugo for negligence, premises liability, and failure to warn. *See Larsen v. Home Depot U.S.A., Inc.*, 2025 WL 879914, at *4 (C.D. Cal. March 20, 2025) ("Even though the allegations in the Complaint are unfortunately lacking in specificity, the Court cannot say the allegations against [the store manager] are frivolous."); *Grancare*, 889 F.3d at 550 (a "deficiency in the complaint [that] can possibly be cured by granting the plaintiff leave to amend" is not a reason to deny a motion to remand). The elements for negligence and premises liability are "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). For failure to warn on a negligence theory, Plaintiff must "prove that a

---

[3] Although Defendant Home Depot relies heavily on *Rojas* to support that Defendant Verdugo was fraudulently joined, *Rojas* is distinguishable from the instant case because the purportedly fraudulently joined defendants in that case were anonymous "Doe" defendants. *See Rojas*, 538 F. Supp. 3d at 1028.

manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about." *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1112 (1996). On a strict liability theory, Plaintiff must establish that "no warning was provided, or the warning was inadequate" and "the inadequacy or absence of the warning caused plaintiff's injury." *Himes v. Somatics LLC*, 29 F.4th 1125, 1126 (9th Cir. 2022). Plaintiff alleges that Defendant Verdugo had a legal duty "to keep the store safe from dangerous conditions and breached said duty." (FAC ¶ 19). Plaintiff also alleges that Defendant Verdugo "knew, or through the exercise of reasonable care, should have known about" the "dangerous condition" of the concrete pavers, and "failed to give adequate warning" about the concrete pavers and protect Plaintiff from them by "failing to assist her when she tried several times to get assistance from store employees." (*Id.* ¶¶ 35, 36). Plaintiff alleges that Defendant Verdugo's negligence and failure to warn caused her injuries. (*Id.* ¶¶ 21, 37). Because these allegations, although threadbare, could state a cause of action against Defendant Verdugo, Defendant Home Depot has not carried its burden to demonstrate that Defendant Verdugo is fraudulently joined.

## IV. CONCLUSION

Because Defendant Home Depot has not demonstrated that Defendant Verdugo is fraudulently joined, the Court considers Defendant Verdugo's citizenship for the purposes of diversity jurisdiction. Defendant Home Depot has not challenged Plaintiff's assertion that Defendant Verdugo and Plaintiff are citizens of the same state. The Court concludes

//
//
//
//
//

that there is not complete diversity of the parties. The Court does not have subject matter jurisdiction over this action. The Court GRANTS the Motion, REMANDS the case to the Los Angeles County Superior Court, and orders this case to be closed.

**IT IS SO ORDERED.**

DATED: May 29, 2025

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE